# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6447 | DATE | September 25, 2003 |
| CASE TITLE | Akkaraju v. John Ashcroft, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner's application to proceed *in forma pauperis* [4-1] is denied. The motions to stay deportation and for appointment of counsel [5-1, 6-1] are denied. The petition for a writ of habeas corpus [1-1] is dismissed with prejudice.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices MAILED by judge's staff. | | SEP 26 2003 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| X | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | 03 SEP 25 PH 3:11 | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

03-6447.031-JCD                                              September 25, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SAILESH CHANDRA AKKARAJU,            )
                                     )
             Petitioner,      )
                                     )
v.                                   )   No.  03 C 6447
                                     )
JOHN ASHCROFT, Attorney General,     )
and CYNTHIA O'CONNELL, B.I.C.E.      )
Interim District Director, Chicago   )
District Office,                     )
                                     )
             Respondents.     )

DOCKETED SEP 2 6 2003

## MEMORANDUM OPINION AND ORDER

Sailesh Chandra Akkaraju has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking his release from custody, against United States Attorney General John Ashcroft and the Interim District Director of the Chicago District Office of the Bureau of Immigration and Customs Enforcement, Cynthia O'Connell. Akkaraju was ordered removed to India and is presently confined in the Tri-County Detention Center in Ullin, Illinois.

A brief review of the facts is in order. Akkaraju was admitted to the United States as a non-immigrant student in 1991. On May 14, 2002, an Immigration Judge ordered Akkaraju removed to India for several reasons: Akkaraju had failed to comply with the conditions of the status pursuant to which he was admitted; he was convicted of two crimes involving moral turpitude; and he was



convicted of an aggravated felony. Akkaraju appealed, and the Board of Immigration Appeals (the "BIA") affirmed the Immigration Judge's order. Thereafter, Akkaraju moved to reopen and remand his case based on his marriage to a United States citizen and requested a discretionary waiver of removal. The BIA denied the motion because Akkaraju had not submitted an application for adjustment of status along with his motion. Akkaraju filed another motion, this time attaching the appropriate application. The second motion was denied as numerically barred. Akkaraju then filed a motion to reconsider, which was denied. Finally, Akkaraju sought a stay of deportation, which was denied as a matter of discretion by Ms. O'Connell on May 21, 2003.

Akkaraju seeks leave to proceed in forma pauperis and also moves for the appointment of counsel and to "stay" his deportation. In order to grant leave to proceed in forma pauperis, the court must determine that the petitioner cannot pay the costs of commencing an action. Moreover, the action must not be frivolous or malicious; it must state a claim on which relief may be granted; and it must not seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

As for the financial inquiry, Akkaraju's application indicates that he has been incarcerated since May, is unemployed, and has no current sources of income. Although Akkaraju states in his affidavit that the only money he received in the past twelve months

was the proceeds of his life insurance policy, the institutional account statement attached to his application shows that Akkaraju's family members--his wife and his wife's parents--have made several deposits into the institutional account that total $685.00. Akkaraju also states that he was employed until May 2003 and had a monthly salary of $1900.00. Moreover, in an exhibit to the petition for habeas relief, Akkaraju's wife states that she earns $41,100 per year. (Petition for Writ of Habeas Corpus, Ex. 18, Affidavit of Shelly Akkaraju.) In evaluating the funds available to in forma pauperis movants, courts may consider the income or resources of interested persons, such as spouses and parents. See Bryant v. Whalen, No. 88 C 4834, 1992 WL 198946, at *5 (N.D. Ill. Aug. 12, 1992); Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'"). Considering these facts, Akkaraju does not satisfy the financial prong of the analysis. He can afford the filing fee for a habeas corpus petition, which is a mere $5.00, and the costs of service of process.

Even if Akkaraju were indigent and unable to pay the costs of commencing this action, he fails to state a claim upon which relief

may be granted. There are three subjects of the petition for habeas relief. First, Akkaraju seeks review of the removal order. Second, Akkaraju seeks review of the denial of his request for a waiver of removal. Third, Akkaraju complains that his right to the effective assistance of counsel was violated due to the fact that his attorney failed to attach an appropriate application for adjustment of status to his motion to reopen his case seeking a waiver of removal.

We lack jurisdiction over the first two matters. Although we have jurisdiction to review certain constitutional matters raised by aliens in habeas petitions, we are precluded by the relevant statute from directly reviewing deportation orders and denials of discretionary relief. See 8 U.S.C. § 1252(a)(1), (a)(2)(B)(i); Sharif v. Ashcroft, 280 F.3d 786, 787 (7th Cir. 2002). By the same token, we also lack jurisdiction to issue an order that would stay execution of the removal order. See 8 U.S.C. § 1252(g); Sharif, 280 F.3d at 787. Petitioner's motion to stay deportation is therefore denied.

Akkaraju also fails to state a claim of ineffective assistance of counsel. In the Seventh Circuit, the issue of whether a constitutional right to effective assistance of counsel in immigration proceedings exists has been "virtually foreclosed." Pop v. INS, 279 F.3d 457, 460 (7th Cir. 2002). As the Seventh Circuit explained in Stroe v. INS:

> The non-right to effective assistance of counsel in civil cases is the rule even when the proceeding though nominally civil involves liberty or even life, as in a capital habeas corpus case, where the Supreme Court has held that there is no right to effective assistance of counsel. Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); see also Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). None of the cases that assume there is a right to effective assistance of counsel in deportation proceedings considers the bearing of Murray or Finley, . . . or of any of the other decisions that hold that civil litigants have no right to effective assistance of counsel beyond what the law of legal malpractice grants them. The discussion of the source of the assumed right in the deportation case is distinctly perfunctory.
> . . .
> We suggested in . . . an extradition case that it might be arguable that more process and protection are due when the INS acts as a "prosecutor" in deportation cases. That may be thought the outermost limit of moving the Fifth Amendment in the direction of the Sixth. The [petitioners'] situation, however, does not involve any issue on which the INS bears the burden of persuasion. They concede deportability and seek a favorable exercise of discretion with respect to asylum.

256 F.3d 498, 501 (7th Cir. 2001) (some citations omitted). Here, as in Stroe, the claimed ineffective assistance relates to the request for discretionary relief from deportation, on which the Immigration and Naturalization Service was not acting as a "prosecutor" because it did not bear any burden of persuasion. Accordingly, Akkaraju fails to state an ineffective assistance of counsel claim.

Because the petition for a writ of habeas corpus fails to state any claim for relief, it will be denied. The motion for appointment of counsel is thus denied as moot.

## CONCLUSION

Petitioner's application to proceed in forma pauperis is denied. The motions to stay deportation and for appointment of counsel are denied. The petition for a writ of habeas corpus is dismissed with prejudice.

DATED: September 25, 2003

ENTER: _____
John F. Grady, United States District Judge